

## NUMBER 13-11-00329-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI ‑ EDINBURG

GIGNAC & ASSOCIATES,            **Appellant,**

**v.**

HOWARD MINTZ AND AMANDA MINTZ,        **Appellees.**

### On appeal from the 117th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Perkes**
**Memorandum Opinion by Justice Benavides**

This case alleges negligence in professional architectural services under chapter 150 of the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 150.001–.003 (West 2011). Appellant, Gignac & Associates (Gignac), argues the trial court erred in denying its motion to dismiss and in granting appellees, Howard and Amanda Mintzes', motion for leave to file a late certificate of merit. We dismiss this case for want of jurisdiction.

## I. BACKGROUND

The Mintzes contracted with Gignac, a licensed architect, to design and build their home. The Mintzes were dissatisfied with Gignac's work, so on March 27, 2009, they mailed a demand letter to Gignac indicating that they intended to sue for negligence. The Mintzes formally sued Gignac on October 13, 2009, claiming that Gignac provided "inadequate, incomplete, and/or inaccurate drawings, or on some instances the lack of drawings altogether." However, when the Mintzes filed suit, they did not file a certificate of merit as required under Texas Civil Practice and Remedies Code chapter 150. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West 2011). Section 150.002 of the civil practice and remedies code provides that:

> In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect . . . who is competent to testify; holds the same professional license or registration as the defendant; and is knowledgeable in the area of practice of the defendant. . . .

*Id.*

The Mintzes eventually filed their certificate of merit on February 25, 2010, four

2

months after filing their lawsuit, along with a motion to extend time to file the certificate late. They also filed a motion to compel arbitration. In response, Gignac filed a motion to dismiss the case for failing to file the certificate of merit on time. *See id.* §150.002(e). Gignac also claimed that the Mintzes had waived their right to arbitration by failing to file their motion sooner.

The trial court held a hearing on the motion to compel arbitration on April 7, 2011. It did not hold a hearing on the remaining motions. On May 12, 2011, the trial court signed and entered three orders: it granted the Mintzes' motion to compel arbitration and their motion to extend time for filing a certificate of merit, and denied Gignac's motion to dismiss. Gignac appeals, arguing that the trial court erred in ruling on its motion to dismiss and the Mintzes' motion for leave to file late certificate of merit when the case was referred to arbitration. Gignac does not appeal the trial court's granting of the motion to compel arbitration.

## II. STANDARD OF REVIEW

Normally, an order granting or denying a motion to dismiss under chapter 150 of the Texas Civil Practice and Remedies Code is immediately appealable as an interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 496 (Tex. App.—Corpus Christi 2009, no pet.). However, this case comes to us in a different procedural posture. The trial court ordered this case to arbitration. Under the Texas Arbitration Act section 171.025, a trial court's order compelling arbitration clearly and unequivocally stays the

3

underlying legal proceedings pending completion of the arbitration proceeding. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.025 (West 2011).[1] Here, however, Gignac did not appeal the trial court's order referring this case to arbitration. As such, we conclude we have no jurisdiction over this case. *See id.*

### III. CONCLUSION

We dismiss this appeal for want of jurisdiction.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
19th day of January, 2012.

---

[1] The Mintzes posit that the trial court may not have had jurisdiction to decide the motion to dismiss or the motion to extend time if it ruled upon them after referring the case to arbitration. However, they point to no references in the record, and we find none, demonstrating the order in which the trial court decided the foregoing motions.

4